## MARY SMITH, RESPONDENT, v. JAMES DUFFY, APPELLANT.

*Execution against the person — when it may be issued to collect costs — Code of Civil Procedure, sec. 550, sub. 4.*

In this action, brought by the plaintiff to annul and set aside a conveyance executed by her to her brother, the defendant, upon the ground that it was fraudulently obtained from her by him, a judgment was entered in her favor vacating the conveyance and awarding her costs. An execution against the person of the defendant having been issued for the collection of the costs under this judgment, the court below refused to set it aside.

*Held*, no error; that the execution was justified by subdivision 4 of section 550 of the Code of Civil Procedure.

APPEAL from an order denying a motion to set aside an execution against the person of the defendant.

*William J. Kane*, for the appellant.

*George F. Langbein*, for the respondent.

DANIELS, J. :

The action was prosecuted to annul and set aside an assignment or conveyance executed by the plaintiff to the defendant. It was

alleged to have been fraudulently obtained by him from her, and that it was so obtained was found as a fact by the court before which the trial took place. He was the brother of the plaintiff and presented the paper or conveyance in controversy to her and requested her to sign it, which she did, relying upon their confidential relations for its correctness. In doing so he took an unconscientious advantage of her and obtained from her valuable property interests. By the judgment which was recovered this conveyance or assignment was vacated and annulled for the fraud of the defendant in obtaining the same from the plaintiff, and she was adjudged to recover for the costs of prosecuting the action the sum of $349.45. For the collection of these costs an execution was issued against the property of the defendant and returned unsatisfied, and thereupon an execution was issued against his person, which it was the object of the motion to set aside. The court held the execution against the person to have been lawfully issued, and denied the motion, and it is to review this determination that the appeal has been taken by the defendant. In support of it his counsel has claimed that an execution against his person could not be issued upon the judgment, inasmuch as no order of arrest was ever made or served in the action.

The liability of the defendant to arrest upon the execution is to be determined exclusively by the provisions contained upon the subject in the Code of Civil Procedure. It has been declared by section 548 that a person shall not be arrested in a civil action or special proceeding, except as prescribed by statute, and section 1487 has further declared that a judgment can be enforced by execution against the person in but two specified classes of cases. The first is where the plaintiff's right to arrest depends upon the nature of the action, and the second upon the fact of an order of arrest having been granted and executed and not afterwards vacated. That an execution for the collection of these costs was an appropriate mode of proceeding has been declared by subdivision 2 of section 1241 of the Code of Civil Procedure, and the point was considered and so held in *Jacquin* v. *Jacquin* * by this General Term. So far as the recovery of costs was provided for by the judgment, the regular mode of carrying it into effect, therefore, was by the process of an execution. But as no order of arrest was obtained

Reported 36 Hun, 378.

in the action, the right of the plaintiff to issue an execution against the person of the defendant must depend upon the point whether the right to arrest him resulted from the judgment itself, and that is to be determined by the preceding sections of the Code declaring the cases in which a defendant may be arrested in a civil action. These cases have been prescribed and defined by sections 549 and 550 of the Code of Civil Procedure. Those contained in the first of these sections are all cases where the right to arrest necessarily forms a part of the judgment. The subject-matter of the actions mentioned in the section is that of legal wrongs, or misconduct, for the result of which the defendant is liable to arrest. It has been supposed that the present case was included within subdivision 2 of section 549, but as that includes only actions for damages sustained by reason of one of the causes mentioned in the subdivision, and this was not an action of that description, this position cannot be sustained. The term " damages " in the subdivision has evidently been used in its legal sense, as including the compensation a party may be entitled to for the conse-quences or losses sustained by one or more of the wrongs mentioned in the section. And as no claim for such damages was included in the plaintiff's complaint in this action, it is entirely clear that this subdivision has no application to her right to issue an execution against the person of the defendant. The other subdivisions of the same section are also clearly inapplicable to the case. If the execution can be sustained, it must be done, therefore, under the authority of section 550, and not of the preceding section. The leading object of section 1487 has been to prevent the arrest of a party where the right to make it has not formed the subject of controversy, and been sustained by an adjudication in the action in which the execution against the person is proposed to be issued. Where the action itself is upon a subject-matter directly charging the commission of a wrong by the defendant, and an adjudication to that effect has been made in the action, there the right to arrest the defendant upon an execution against his person will necessarily be sustained under the first subdivision of this section. But where that may not be the nature of the action, and the liability to arrest depends upon extraneous facts or circumstances, there it has been required that an order of arrest shall first be obtained, executed and

continued in force against the defendant, before he will be liable to an execution upon the judgment against his person. This is the language and effect of subdivision 2 of this section, and it includes the classes of cases which are contained in subdivisions 1 and 2 of section 550 of the Code. There the misconduct for which the right to arrest has been provided will not form any part of the subject of the action itself, but it is necessarily incidental and in no manner entering into the plaintiff's complaint, and to justify an arrest under these subdivisions proof by affidavit is required to present this collateral misconduct, and the order obtained upon it is required to be served upon the defendant, and to remain in force at the time when the execution against the person may be issued. But these are the only instances in which this collateral inquiry and adjudication of a wrong are required to be made to justify an execution against the person. For the cases provided for in subdivisions 3 and 4 of this section are those where the action itself is necessarily brought upon an allegation of the wrong which it is its design to correct. Each of the subjects included in these two subdivisions is that of a positive and affirmative wrong on the part of the person proceeded against in the action, and its determination necessarily requires an adjudication as to whether the wrong alleged was or was not committed. Neither of the unlawful acts included within subdivision 3 of this section formed the subject of the plaintiff's complaint in this action, but that included in subdivision 4 of the section was the subject-matter for which she claimed redress. Her action was brought to rescind and annul a transfer or conveyance of her property, fraudulently obtained by the defendant, and for a failure to comply with that portion of the judgment directing him to deliver up to the plaintiff's attorneys for her the assignment or conveyance in question, and to cancel, vacate and set aside the registry of it in the register's office, he might be punished for a contempt under the authority of section 1241 of the Code. From this circumstance, as well as the nature of the allegation contained in the complaint and the facts found by the court, it is clear that the action was included within subdivision 4 of section 550 of the Code, and in that action if it could have been made to appear that he was not a resident of this State, or being a resident was about to

depart therefrom, and that there was accordingly danger that the judgment might by that circumstance be rendered ineffectual, he would have been liable to arrest by virtue of an order under section 551 of the Code. But this arrest under such an order would not result from the existence of any incidental or collateral wrong perpetrated by him, but from the necessity alone of securing his presence within the jurisdiction of the court for the enforcement of any judgment recovered in the action. The nature or subject-matter of the action would be unaffected by such an incidental proceeding. Its gist would still remain the sole wrong charged against the defendant, for which, upon proof establishing its existence, the plaintiff would be entitled to the redress finally awarded to her by the judgment. The wrong and not the incidental question whether there was danger of the defendant's departure from the State, would continue to be the subject-matter of the litigation.

That was the controlling issuable fact, without establishing which the plaintiff would have no ground of action and could recover no judgment against the defendant, but by establishing it the rights claimed by her would necessarily be determined, as they have been in this action, in her favor. Her right, therefore, to proceed against the defendant's person did depend upon the nature of her action, and not upon the incidental inquiry whether he was or was not about to depart from the State. That was a collateral subject having nothing whatever to do with the merits of the controversy. They were of a different character, charging the defendant with the commission of a positive wrong. There evidently could be no actionable wrong attributed to his design to leave the State; and if he entertained it it was not the purpose of this provision of the Code to render him subject to arrest by final process upon the judgment because of that circumstance. The wrong consisted in his fraudulently obtaining from the plaintiff, who is his sister, this assignment, or conveyance, of her property; and it was to render her legal redress, as certain as the law could make it for this wrong, that this incidental arrest during the pendency of the action was provided. In this respect the arrest was distinguishable from that provided for by subdivisions 1 and 2 of this section of the Code, for there the arrest would be the direct consequence of a wrong, not itself forming a part of the subject-matter of the action. While

in this case the wrong was the exclusive subject-matter of the suit, and the object of the arrest under an order would be the detention of the defendant until judgment could be recovered and enforced against him, according to the effect of the adjudication which should be made upon the wrong alleged as the foundation of the suit, and that did present a case in which the right of the plaintiff to arrest the defendant depended upon the nature of the action. If it did not, then the absurdity would follow that in the same class of cases a defendant not a resident, or about to depart from the State, and prevented from doing so by an order of arrest, might be regularly arrested under an execution against his person, while a defendant, actuated by no such intent or expectation, would not be liable to arrest upon such an execution upon precisely the same allegations and adjudication, and that could not have been the design of any part of this subdivision of section 550 of the Code. What it intended by the proceedings provided for was to secure complete and adequate means of redress for the wrong forming the subject of the suit, and a prominent part of those means would be the punishment of the defendant by way of imprisonment for his failure or refusal to comply with the directions contained in the judgment; and it is not to be supposed, where a proceeding of this extreme character can be maintained against the party, that it was designed to relieve his person from arrest by execution on that part of the judgment which included the recovery of the costs. But, on the other hand, as the sole subject-matter of the action was the defendant's wrongful act, and that was necessarily adjudicated against him by the judgment, it was the design of the law to provide for the arrest of his person by means of an execution under subdivision 1 of section 1487 of the Code. To construe it otherwise would be needlessly to restrain and limit the language which has been made use of, for it has, in the most general manner, provided for the defendant's arrest upon execution where the nature of the action itself is such as to adjudge him to have been guilty of a wrong forming the exclusive foundation of the plaintiff's right to redress.

What these provisions of the Code were designed to accomplish was, that a party should be relieved from liability for arrest in all cases of contracts, unless it be the case of a promise to marry,

where the contract had not been fraudulently entered into, or the liability had not in that manner been incurred, and the defendant had not implicated himself in any wrongful act in the way of an attempt or endeavor to cheat or defraud his creditors, and in other cases where actual or intentional wrong had been perpetrated and made the subject-matter of the action, so as to be necessarily adjudicated against the party by the judgment, to provide for enforcing the judgment by the proper process for that purpose against his person, if it could not be satisfied out of his property. That has been the general aim and policy of the law, and it is not to be supposed, in view of the careful provisions which have been made upon this subject, that the legislature intended to relieve a person who had fraudulently deprived another of his or her property from liability for final arrest after that fact had been necessarily determined against him by the final decision of the action. But the purpose of the law has been, where the fact has been so adjudicated, to render him liable for final arrest, for the reason that the nature of the action itself, and its necessary determination, must conclusively establish the fact that he has been guilty of a wrong for which the plaintiff should be secured this mode of redress. The execution in this case was justified by the authority of subdivision 4 of section 550 of the Code. It was an action where the nature of the subject was that of a legal wrong, for the complete redress of which, and the collection of the expenses necessarily incurred in prosecuting the suit, the plaintiff has become entitled to proceed against the defendant's person. The order in the case was warranted by these provisions of the law, and it should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.